# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN WITTES<br>1775 Massachusetts Ave NW<br>Washington D.C. 20036,<br><br>   Plaintiff,<br> v.<br><br>UNITED STATES DEPARTMENT OF STATE<br>2201 C Street NW<br>Washington, D.C. 20520,<br><br>   Defendant. | Civil Action No.: 18-390 |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, to compel the production of agency records requested by Plaintiff Benjamin Wittes that pertain to the use of Defendant United States Department of State's official websites and social media accounts to promote the Mar-a-Lago Club, a for-profit club in which President Donald J. Trump has a financial interest.

2. Mr. Wittes brings this suit to challenge Defendant Department of State's failure to timely process his request and disclose responsive records.

3. Mr. Wittes submitted his request for agency records pursuant to the Freedom of Information Act on May 16, 2017. Defendant Department of State has acknowledged receipt of the request, but it has not provided a response explaining whether it will comply with the request. Because the Freedom of Information Act allows Defendant Department of State only 20 business days to inform Mr. Wittes whether it will comply with his request for records, Defendant

1

Department of State's failure to respond for nine months has far exceeded the statutory deadline.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

6. Plaintiff Benjamin Wittes is the requestor of the records that Defendant Department of State is withholding. Mr. Wittes is the Editor-in-Chief of *Lawfare*, a non-profit publication dedicated to informing the public on, among other topics, the use of Executive authority. Mr. Wittes filed his request for records pertaining to Mar-a-Lago in connection with his work for *Lawfare* and will use any produced records to inform the public's understanding of the government's operations and activities, not for any commercial use.

7. Defendant Department of State is a federal agency within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered in Washington, D.C.

## FACTS

*Background*

8. In April 2017, ShareAmerica, a website operated by Defendant Department of State's Bureau of International Information Programs, published an article about Mar-a-Lago. The article, titled "Mar-a-Lago: The winter White House," touted President Trump's "Florida estate" and highlighted the role of President Trump, who is described in the article as "a real-estate magnate," in "refurbishing" the estate and opening it to "dues-paying members of the

public in 1995 as the Mar-a-Lago Club." The article also included pictures of Mar-a-Lago's ornate living room and ballroom and provided a history of the estate.

9. In addition to appearing on ShareAmerica, "Mar-a-Lago: The winter White House" also appeared on, or was linked to by, at least the following website and social media accounts that Defendant Department of State operates:

- The United States Embassy & Consulates in the United Kingdom's website;
- Defendant Department of State's Bureau of Economic & Business Affairs' Facebook Account; and
- The United States Embassy in Albania's Facebook Account.

10. After news media outlets reported on the article, it was removed from ShareAmerica's site and from all other websites and social media accounts that Defendant Department of State operates.

11. President Trump currently has a financial interest in the Mar-a-Lago Club—as he did at the time Defendant Department of State published the article—which is operated as a for-profit entity. In January 2017, three months before the article about Mar-a-Lago appeared on ShareAmerica, Mar-a-Lago doubled its $100,000 membership initiation fee to $200,000.

12. President Trump's decision to refuse to divest himself of his business interests, including his financial interest in Mar-a-Lago, has been the subject of public interest and raised questions regarding possible conflicts of interest.

## *Mr. Wittes's Request*

13. On May 16, 2017, Mr. Wittes submitted a FOIA request to Defendant Department of State requesting records pertaining to the publication of "Mar-a-Lago: The winter White

House" and its use by multiple websites and social media accounts that Defendant Department of State operates.

14.     Mr. Wittes's request seeks documents relating to the decisionmaking process for using Defendant Department of State's websites to promote Mar-a-Lago; communications between Defendant Department of State and third parties about how to publicize Mar-a-Lago; documents concerning the removal of articles related to Mar-a-Lago from Defendant Department of State's websites and social media accounts; documents related to requests for photographs of Mar-a-Lago; and documents related to Defendant Department of State's use of social media accounts to publicize information about Mar-a-Lago.  A copy of Mr. Wittes's request is attached as Exhibit A to this Complaint.

15.     Mr. Wittes also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A).

16.     Defendant Department of State received Mr. Wittes's FOIA request and assigned it case number F2017-12470.

17.     The Freedom of Information Act requires an agency that has received a records request to determine, within 20 business days of receipt of the request, "whether to comply with [the] request" and to "immediately notify the person making [the] request of . . . [the] determination and the reasons therefor."  5 U.S.C. § 552(a)(6)(i).

18.     To date, Defendant Department of State has not communicated to Mr. Wittes whether it will comply with his request.

19.     As of the date of this Complaint, nine months have elapsed since Mr. Wittes submitted his request.

20.     Defendant Department of State's failure to respond to Mr. Wittes's request

4

constitutes constructive denial of his request.  This denial is without legal justification.

## CAUSES OF ACTION

### Count 1
### Violation of FOIA: Failure to Comply with Statutory Deadlines

21.     Plaintiff re-alleges and incorporates by reference paragraphs 1-20.

22.     Defendant Department of State has failed to communicate to Mr. Wittes whether it will comply with Mr. Wittes's request for the production of agency records within the statutory deadline.

23.     Because of Defendant Department of State's failure, Mr. Wittes's obligation to exhaust administrative remedies is satisfied.

### Count 2
### Violation of FOIA: Unlawful Withholding of Agency Records

24.     Plaintiff re-alleges and incorporates by reference paragraphs 1-23.

25.     Defendant Department of State has wrongfully withheld records responsive to Mr. Wittes's request.

26.     Because of Defendant Department of State's failure to timely respond to Mr. Wittes's request, Mr. Wittes's obligation to exhaust administrative remedies is satisfied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Order Defendant Department of State to promptly process Plaintiff's request and disclose responsive agency records;

B. Award Plaintiff costs and reasonable attorneys' fees; and

C. Grant such other relief as the Court may deem just and proper.

                Respectfully submitted,

                <u>/s/ Robert D. Friedman</u>
                Robert D. Friedman
                D.C. Bar No. 1046738
                Institute for Constitutional Advocacy and Protection
                Georgetown University Law Center
                600 New Jersey Ave. NW
                Washington, D.C. 20001
                Tel: 202-662-9042
                Fax: 202-662-9248
                rdf34@georgetown.edu

Dated February 21, 2018